ST. MARY'S HOSPITAL v. NATIONAL BENEFIT COMPANY.[1]

January 17, 1895.

No. 9112.

**Vacating Judgment—Reversal—Abuse of Discretion.**
An application to vacate and set aside a judgment rendered upon default is one addressed to the discretion of the trial court, and, unless there has been an abuse of discretion, this court will not interfere.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., denying its motion to vacate and set aside a judgment. Affirmed.

*Herman E. Long* and *Geo. W. & Ed. T. Teitsworth,* for appellant.
*T. E. Byrnes,* for respondent.

BUCK, J. Action upon a promissory note, and the answer denied its execution. Order for judgment in favor of plaintiff upon default. Defendant moved to vacate the order, which motion was granted upon condition that defendant execute a bond to plaintiff in the sum of $1,000, conditioned that defendant pay the judgment if plaintiff recovered one upon the trial. Defendant neglected to do so, although time was given it for such purpose. Judgment was

[1] Reported in 61 N. W. 824.

finally rendered in behalf of the plaintiff upon default. Thereupon the defendant moved upon affidavits and upon all the files, records, and proceedings in the action for an order setting aside and vacating the judgment upon the ground that the judgment was obtained through its mistake, inadvertence, suspense, and excusable neglect. The court denied the motion. This denial is the order appealed from, and not the previous conditional order requiring a bond. The issues in this action were already formed, and the application to set aside and vacate the order for judgment was in the nature of a motion for a new trial, and therefore appealable. The affidavit used by defendant on the motion expressly asks for a new trial. But there were several alleged facts in the evidence of the plaintiff as presented to the court upon the motion which fully justified the court in denying it. Among other facts, it was alleged that defendant was financially embarrassed; that it was about to dispose of its property with intent to defraud plaintiff; and that, if the judgment was vacated, the plaintiff would not be able to collect the note sued upon. The defendant is a nonresident of the state. Upon some matters there was a sharp conflict in the evidence, and we think that the court did not abuse its discretionary powers. The defendant was not entitled to the relief as a matter of strict legal right, but the application was one addressed to the favor and discretion of the court.

The order of the court below is affirmed.